IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ANGELA DEL CARMEN RUIZ,**           *

    **Petitioner,**                                   *

v.                                                         *       Civ. No. DLB-26-417

**PAMELA BONDI,** *et al.*,                     *

    **Respondents.**                               *

## ORDER

Angela Del Carmen Ruiz, a citizen of El Salvador, entered the United States without inspection in 2023. ECF 1, at 2. She has applied for asylum and states that she has no criminal history. *Id.* ¶¶ 35, 38. Before her arrest, Ruiz resided in Maryland with her two children. *Id.* ¶ 39.

On January 31, 2026, Ruiz was arrested by Immigration and Customs Enforcement (ICE) after appearing for a scheduled check-in at the ICE office in Baltimore. *Id.* ¶ 35. She filed this petition for a writ of habeas corpus while detained there. *Id.* ¶ 37.

Ruiz argues that her detention violates her due process rights. She further argues that she is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that she is not subject to mandatory detention. *Id.* at 15. Ruiz seeks, among other things, an order requiring the respondents to release her from custody immediately. *Id.*

After an on-the-record status conference on February 4, 2026, the Court directed Ruiz to submit supplemental briefing on the Court's authority to grant her request for immediate release. ECF 5, 6. Ruiz filed a motion for immediate release on February 6. ECF 8. The motion is fully briefed. ECF 9, 10.

Upon consideration of the petition for a writ of habeas corpus, ECF 1, the motion for immediate release and responsive briefing, ECF 8, 9, 10, and prior decisions by this Court and by judges in this district with which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Ruiz is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Ruiz may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Ruiz's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Ruiz. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025). If the

2

immigration court concludes that it lacks jurisdiction to consider the merits of Ruiz's bond request on the basis of *Yajure Hurtado*, Ruiz will not receive the process to which this Order entitles her.

Ruiz asks the Court to order her immediate release because, in Ruiz's view, "[r]emanding for a bond hearing would perpetuate the [statutory] violation and likely result in wealth-based detention." ECF 8, at 8. Ruiz's fears are speculative at this point. "The present record . . . does not indicate that the immigration judge to whom [Ruiz's] case is to be referred will fail to apply the correct legal standards for bond hearings under § 1226." *Bautista Villanueva*, 2026 WL 100595, at *2 (denying request for immediate release). Immediate release is not the appropriate remedy here. Thus, the petitioner's request for immediate release is denied.

Therefore, it is this 18th day of February, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. Ruiz's petition for a writ of habeas corpus IS GRANTED in part;

2. Ruiz SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 10 days of the filing of Ruiz's motion;

3. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Ruiz's detention and need not be conducted in Maryland;

4. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

5. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no later than within seven days of the bond hearing;

6. If Ruiz is not provided a bond hearing, at which the merits of her request for release are reached, within 10 days of the filing of her motion, the respondents SHALL RELEASE Ruiz from detention, and such release SHALL BE subject to the same conditions that applied before Ruiz's January 31, 2026 arrest;

7. Ruiz's motion for immediate release is DENIED; and

8. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge